IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND BELONEY,<br><br>    Petitioner,<br><br>  v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>    Respondent. | No. C 07-4327 WHA (PR)<br><br>**GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS; DENIAL OF MOTION FOR APPOINTMENT OF COUNSEL; ORDER TO SHOW CAUSE** |

Petitioner, a California prisoner currently incarcerated at Kern Valley State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis and moved for appointment of counsel.

Venue is proper because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

Petitioner Edmond Beloney was convicted after jury trial of two counts of robbery in an inhabited dwelling while acting in concert. *See* Cal. Penal Code § 213(a)(1)(A)). The jury found true the allegation that the crimes was committed for the benefit of a criminal street gang. *See* Cal. Penal Code § 186.22(b)(4). Petitioner was sentenced to state prison for fifteen years to life. *People v. Beloney*, 2006 WL 3813676, *1 (Cal.App. 2006).

///

///

**DISCUSSION**

*A.     Standard of Review*

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

*B.     Legal Claims*

As grounds for federal habeas relief, petitioner asserts that: (1) there was insufficient evidence to support the gang enhancement; (2) his sentence was cruel and unusual; and (3) his Fifth, Sixth and Fourteenth Amendment rights were violated when the trial court gave a defective jury instruction. There contentions are sufficient to require a response.

*C.     Motion for Appointment of Counsel*

*Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

Petitioner's claims are those he presented with the assistance of counsel on direct review, so they have been briefed by counsel. Although he says he had assistance in

preparation of the petition, there is no showing that similar assistance would not be available for filing the only other document petitioner might file in this case, the traverse, which in any case is optional. Given this, the interests of justice do not require appointment of counsel.

## CONCLUSION

1. Leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**. Petitioner's motion for appointment of counsel (document number 3) is **DENIED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this

3

1   action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez*

2   *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

3      **IT IS SO ORDERED.**

5   Dated: August ___27___, 2007.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\HC.07\beloney327.osc.wpd